IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHAWN BENNETT,                *
                              *
    Plaintiff,                *
                              *
        v.                    *    CV 118-202
                              *
ANDREW M. SAUL, Commissioner   *
of Social Security,           *
                              *
    Defendant.                *

---

**O R D E R**

---

Before the Court is Defendant's Unopposed Motion for Remand under Sentence Four of 42 U.S.C. § 405(g). (Doc. 19.) Defendant asks the court to reverse and remand to allow "Plaintiff the opportunity for a new hearing." (Mot. for Remand, Doc. 19, at 1.)

Under 42 U.S.C. § 405(g), a district court can remand a case to the Social Security Commissioner "by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" Ingram v. Comm'r of Social Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence four grants the district court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Therefore, under sentence four, a court has discretion to remand, but it must enter a final judgment reversing, modifying, or affirming the

Commissioner's decision. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 100-02 (1991).

Pursuant to Local Rule 7.1, Defendant certifies that the present motion is unopposed. (Mot. for Remand, at 2.) Upon due consideration, the Court **GRANTS** Defendant's motion for remand (Doc. 19) and **REVERSES** the decision of the Commissioner of Social Security. The Court **DIRECTS** the Clerk to **REMAND** the cause to the Commissioner for further consideration. On remand:

> [The] administrative law judge (["]ALJ["]) will offer Plaintiff the opportunity for a new hearing and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the *Dictionary of Occupational Titles* and its companion publication, the *Selected Characteristics of Occupations*.

(Mot. for Remand, at 1-2.) The Clerk is further directed to **TERMINATE** all pending motions and deadlines, **ENTER** a separate judgment consistent with this Order pursuant to Federal Rule of Civil Procedure 58, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of December, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2